## HAMILTON v. JOHNSON et al.

PRACTICE.—Where a bill of exceptions, after setting out certain evidence, contains the words: "Which was all the evidence given in the cause," such words are not sufficient to exclude the presumption of other evidence.

DOWER.—The reader is referred to the opinion at length for an interesting question concerning the right to dower.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—On the 28th of *August*, 1840, *Enoch Railsback* sold the equity of redemption of a lot of ground to *H. S. Hamilton*, executing to the latter a title-bond in six months from date. *Hamilton* paid for the equity of redemption, and an agreement for the removal of the incumbrance in the shape of a mortgage existing on the lot was made. On the 1st day of *May*, 1841, said *Hugh S. Hamilton* executed to *Benjamin Hamilton* a deed of mortgage, with full covenants of warranty of legal title, of the lot of land described in the title-bond, to secure the payment of 500 dollars, in one year from date. He did not assign the title-bond, nor did his wife join in the mortgage to *Benjamin Hamilton*.

On the 24th day of *May*, 1841, *Railsback* executed to *Hugh S. Hamilton* a deed in fee for the lot in question, in consideration of 1100 dollars which had been previously paid for the equity of redemption.

*Hugh S. Hamilton* did not pay off to *Benjamin* the 500 dollar mortgage, and *Benjamin*, after the 1st of *May*, 1862, as we must presume, foreclosed the mortgage by a suit against *Hugh* alone.

The property was sold on the judgment of foreclosure, and *Benjamin* became the purchaser, and subsequently sold and conveyed the same to the appellees.

Said *Hugh S. Hamilton* was married to his wife, *Caroline*, prior to 1841, and he died in 1849, leaving said *Caroline*, who

Hamilton *v.* Johnson et al.

still lives, surviving him; and who, in 1860, having pre-
viously demanded her dower, commenced this suit for its re-
covery.

The Court below held that *Caroline*, the wife of *Hugh S.
Hamilton*, was not entitled to dower.

The bill of exceptions setting out evidence concludes thus:
" Which was all the evidence given in the cause."

The words required by the 30th rule are :. " This was all
the evidence given in the cause."

Two questions are made and argued, viz :

1. Is *Caroline Hamilton* entitled to dower in the lot men-
tioned on the facts above set forth ?

2. Can the Court regard the bill of exceptions as contain-
ing all the facts or evidence in the cause ?

On the first question it may be observed that dower is a
favorite of the common law.   We have also been able to find
one authority which seems much in point.

In *Winn, &c.* v. *Elliott's Widow, &c.*, Chief Justice *Edwards*
states the point to be decided thus :

" It is said that *Elliott*, having no title at law when he sold,
but only an equitable interest, was, from the time of the
sale, but a trustee for the *Winns*, his vendees ; that when he
acquired the legal title, it was only in trust for them ; and
that the wife shall not be endowed of a trust estate, created
previous to the statute of *Virginia*, which took effect in *Jan-
uary*, 1787."

He concludes the opinion of the Court in these words :

" In this case the husband had, during the marriage, a bene-
ficial interest ; acquired the legal title ; and died seized at law,
whereby the wife's right to dower became complete at law.
To oust her claim in equity, the appellants exhibited an equity
against the *husband*, derived during the coverture, and from
the husband.   We think the wife's claim an equitable and
moral right, commencing upon the marriage, to be endowed .

of such estate as the husband shall have a beneficial interest in, and whereof he may be seized, at any time during the coverture, of such an estate as her issue of marriage might by possibility inherit. To defeat her claim at law, thus perfected, the appellants do not show a title derived paramount to the husband's, but under him; and their equity does not commence previous to the wife's, but subsequent thereto. As to the wife's right to be endowed of an inchoate estate of the husband, not reduced to a legal one during coverture, but existing only in equity, we give no opinion; the case does not require it. The wife's claim, in the present instance, is complete in equity and at law." Hardin's Rep. (Ky.) p. 482.

On the second point the Court is of opinion that the record can not be regarded as containing the evidence. The rule declares that the words prescribed by it shall be technical and indispensable. The rule was adopted to ensure certainty, and thus, upon this point, at all events, as should be the case upon all, exact equality of decision as to all members of the profession.

In matters of practice, it is often of less consequence what the rule is, than that it should be certain and known.

We think it the better course for the Court to adhere strictly to the rule. Thus acting, we hold that the record does not purport to contain all the evidence; and, hence, we must presume there was evidence justifying the judgment of the Court below.

*J. B. & J. F. Julian,* for the appellant.

*W. A. Bickle* and *C. H. Burchenal,* for the appellees.